IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MERITAGE HOMES LLC** § <br> § <br> PLAINTIFF, § <br> § <br> VS. § <br> § <br> **CITY OF CIBOLO, TEXAS,** § <br> **MAYOR STOSH BOYLE,** § <br> **COUNCILMEMBER REGGIE BONE,** § <br> **COUNCILMEMBER MARK ALLEN,** AND § <br> **COUNCILMEMBER JOEL HICKS,** § <br> EACH IN THEIR OFFICIAL AND § <br> INDIVIDUAL CAPACITIES, § <br> § <br> DEFENDANTS. § <br> § | CIVIL ACTION NO. 5:21-cv-00755-FB |

**DEFENDANT CITY OF CIBOLO, MAYOR STOSH BOYLE, AND COUNCILMEN REGGIE BONE, MARK ALLEN AND JOEL HICKS'S RESPONSE TO PLAINTIFF'S POST TRIAL BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FRED BIERY:

NOW COMES the **CITY OF CIBOLO, MAYOR STOSH BOYLE,** and **COUNCILMEN REGGIE BONE, MARK ALLEN** and **JOEL HICKS**, Defendants in the above entitled and numbered cause, and file this their Response to Plaintiff's Post Trial Brief and would respectfully show unto the Court the following:

**I.**
**SHOCKS THE CONSCIENCE STANDARD**

In addressing Plaintiff's substantive due process claim, the Fifth Circuit has applied both the "shocks the conscience" test and the "rational basis" test. ***Reyes v. North Tex. Tollway Authority***, 861 F.3d 558, 561-562 (5th Cir. 2017). The Fifth Circuit has generally been consistent that government action that applies broadly gets rational basis and government action that is individualized to one or a few plaintiffs gets shocks the conscience. ***Id.*** at 562. The Fifth Circuit

found that many circuits expressly apply rational basis to legislative or quasi-legislative action (government action that applies broadly) and shocks the conscience to executive action (government acts that are more individualized). *Id*. at 562. The Fifth Circuit noted that the legislative/executive dichotomy comports with the Supreme Court's use of the "shocks the conscience" test. ***Reyes v. North Tex. Tollway Authority***, 861 F.3d 562 (5th Cir. 2017); ***County of Sacramento v. Lewis***, 523 U.S. 833, 854-55 (1998).

In ***Reyes***, the Fifth Circuit found that the rational basis test was applicable in a substantive due process claim where the plaintiffs challenged the State Tollway Authority's charging of administrative fees for failure to timely pay toll invoices as to all tollway drivers. The Court held that because the State Authority's administrative fees are not the type of government action directed at a particular individual, the rational basis test rather than the shocks the conscience test applied. *Id*. at 563.

In the case at bar, the City of Cibolo's executive government action was limited to a particular developer and not all of the citizens in its extraterritorial jurisdiction (ETJ). As such, in this case the shocks the conscience test is the correct and applicable standard. ***County of Sacramento v. Lewis***, 523 U.S. 833, 854-55 (1998).

In the recent case of ***TXI Operations, LP v. City of McKinney***, the District Court found that the "shocks the conscience" test rather than the "rational basis" test was the appropriate test in which a land owner asserted a substantive due process claim against a municipality alleging the city improperly used its municipal powers to deprive plaintiff of its lawful use of its property. The trial court held that when government action applies broadly, then courts will use the rational basis standard and when government action is individualized to one or a few plaintiffs, then courts will use the shocks the conscience standard. ***TXI Operations, LP v. City of McKinney***, No. 4:20-cv-

353, 2023 WL 161942 (E.D. Tex., January 11, 2023); *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).

The trial court further noted that despite plaintiff's challenge to specific city ordinances, i.e., legislation that applies broadly, plaintiff's complaint was that the city's action against it specifically violated its constitutional rights. Therefore the trial court found that the shocks the conscience standard was the appropriate standard. *Id.* at 27.

## II.
### RATIONAL BASIS STANDARD

In the alternative and without waiving the above argument, Defendants herein assert that if this Honorable Court finds that the rational basis standard applies, Defendants herein met this standard.

The Fifth Circuit has asserted that to succeed on a substantive due process claim under the rational basis standard, a plaintiff must:

(1) Allege a deprivation of a constitutionally protected right; and,

(2) Show that the governmental action was rationally related to a legitimate government interest. *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006).

In *Mikeska*, beachfront homeowners filed suit against the City of Galveston alleging that the City's refusal to permit them to repair and access municipal utility and sewer services following a tropical storm violated their substantive due process rights. The Fifth Circuit noted that State of Texas empowered the Texas General Land Office to enforce the prohibition against interference with public beach easements and required local municipalities to design plans to protect access to public beaches within their jurisdictions. *Id.* at 378. Pursuant to this authority, the City of Galveston condemned plaintiffs' homes and disabled electricity, sewer and water services. *Id.* at 379. The City of Galveston asserted that it had a legitimate governmental interest in following its

obligations under state law and to protect access to the public beach. *Id.* at 380. Plaintiffs asserted that although the city had authority to protect access to the public beach, it did not have authority to deny service permits. *Id.* at 380.

The Court held that although state law did provide the city with an important role to protect the public beach, the provisions of the TEXAS ADMINISTRATIVE CODE did not mandate that the city refuse to reconnect utilities to existing homes. *Id.* at 380. The Court found that the City's obligations under state law were limited to prohibiting construction. *Id.* at 380. The rational basis test requires not only legitimate state interest, but also the government action is rationally related to furthering the interest and the city failed to provide any rational reason why refusing to reconnect utilities to houses on a public beach furthers the end of protecting public access to beaches. *Id.* at 380.

In the case at bar, the TEXAS WATER CODE, § 13.250 and the TEXAS ADMINISTRATIVE CODE, Chapter 217 require that GVSUD provide a safe and properly designed "continuous and adequate" permanent wastewater system. Furthermore, the TEXAS LOCAL GOVERNMENT CODE, § 212.010 gave the City of Cibolo authority to approve plats within its ETJ taking into account "access to and extension" of sewer of public utilities. The City had an Interlocal Cooperation Agreement with Guadalupe County to enforce the City's subdivision regulations in its ETJ and in accordance with the TEXAS LOCAL GOVERNMENT CODE, Chapter 212. The City of Cibolo had in place Ordinances and a Unified Development Code that granted lawful authority over the ETJ plats, including that the ETJ be served adequately by essential wastewater services.

Additionally, the City of Cibolo had statutory and municipal authority to promote health, safety or general welfare of its citizens and the orderly and healthful development of the city. Unlike in the *Mikeska* case, the City of Cibolo in this case had both a legitimate state interest and

rationale basis for requiring the approval of a plat that included a safe and properly designed continuous and adequate permanent waste water system.

In the case at bar, during the hearing, there were legitimate pump and haul spillage and storage capacity public safety concerns associated with the risky temporary pump and haul systems as testified to by the City Engineer Rudy Klein and the City Manager Wayne Reed. In fact, Meritage agreed to address these concerns by supplying an additional 21,000 gallon above ground sewage storage tank. Legitimate concerns were raised over the vague GVSUD contractual agreement regarding the 75 homes mentioned in the agreement and unaddressed sewage capacity issues when the seventy-five homes were built according to City Engineer Rudy Klein. Furthermore, this Court's October 21, 2021 Order [Dkt 34] assisted in addressing and resolving some of the safety concerns by providing that Meritage install the additional above ground 21,000 gallon storage tank; provide a backup pump and haul provider; and required Meritage to undertake actions to remediate future spills, if any. Evidence was presented to support a finding that the City had both a legitimate state interest and a rational basis for requiring the approval of a plat with a safe and properly designed continuous and adequate permanent wastewater system.

## III.
### TAKINGS

Defendants **CITY OF CIBOLO, ET AL** addressed Plaintiff's takings claim under Paragraph 17 of its Conclusions of Law wherein Defendants asserted that the Mootness Doctrine bars a party's claim for due process, equal protection, takings violations and declaratory and injunctive relief when the City's platting is completed. ***920 South Beach Blvd., LLC v. City of Bay St. Louis***, 2023 WL 2749170 (S.D. Miss., March 31, 2023).

In the case at bar, the Legendary Trails Subdivision final plats for Units 1 – 4 have all been approved by the City of Cibolo, thereby mooting the matter and claims in controversy, including

Plaintiff's takings claim. Furthermore, the United States Supreme Court recognizes that normal delays in obtaining building permits, changings in the zoning ordinances, variances and the like do not constitute a regulatory taking. ***Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency***, 353 U.S. 302, 329 (2002).

In ***Tahoe***, the Supreme Court noted that fairness and justice will not be better served by categorical rule that any deprivation of any all economic use, no matter how brief, constitutes a compensable taking. ***Id.*** at 304. The Supreme Court further stated that that rule would apply to numerous normal delays in obtaining e.g., building permits, and would require changes and practices that have long been considered permissible exercises of the police power. ***Id.*** at 304. The Supreme Court found that a 32 month delay on development while the government agency formulated a comprehensive land use plan, did not constitute a regulatory taking. ***Id***. at 302. Similarly, the Fifth Circuit has found that a city's denial of a zoning change application did not constitute a regulatory taking. ***Hackbelt 27 Partners, LP v. City of Coppell***, 661 F.App'x. 843 (5th Cir. 2016).

## IV.
### PREVAILING PARTY ATTORNEY'S FEES ISSUE

Defendants **CITY OF CIBOLO**, **ET AL** reiterate their argument that Plaintiff has failed to show the Court it is a prevailing party entitled to attorney's fees. To be entitled to reasonable attorney's fees as a prevailing party pursuant 42 U.S.C. §1983, a plaintiff must:

(1) obtain actual relief such as an enforceable judgment or a consent decree;

(2) that materially alters the legal relationship between the parties; and,

(3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment. ***Amawi v. Paxton***, 48 F.4th 412, 416-17 (5th Cir. 2022).

Meritage Homes, LLC v. City of Cibolo, Texas, et al  
Defendant City of Cibolo et al's Response to Plaintiff's Post Trial Brief  
Civil Action No. 5:21-cv-0755-FB  
Page 6

Prevailing party status requires a corresponding alteration in the legal relationship of the parties. *Id*. at 417. A defendant's voluntary change lacks the necessary judicial imprimatur on the change, even if the plaintiff ultimately received its derived outcome. *Id.* at 417. In *Amawi*, plaintiffs were sole proprietors who brought a Section 1983 action for declaratory and injunctive relief against the Texas Attorney General challenging the constitutionality of the Texas Statute prohibiting state entities from contracting with companies that boycotted Israel. *Id.* at 415. Before the district court held a hearing, Texas Legislators voted on a new bill that made the prior bill inapplicable to sole proprietorships. *Id.*.

Despite the law being changed to be inapplicable to plaintiffs, the district court granted plaintiff's preliminary injunction. *Id.*. As a result, Plaintiff sought attorney's fees as prevailing parties pursuant to 42 U.S.C. §1988. *Id.* at 415. The Fifth Circuit held that the plaintiffs were not prevailing parties entitled to award of attorney's fees since the mere fact that a legislature has enacted legislation that moots an action, without more, provides no grounds for assuming that the Legislature was motivated by the unfavorable precedent. *Id.* at 418.

In the case at bar, it is undisputed that on May 18, 2021, the City of Cibolo planning and zoning commission approved the final plat of Legendary Trails Subdivision Unit 1, with conditions addressing the safety concerns of the temporary pump and haul operation. On August 10, 2021, the City Council denied final plat approval of Legendary Trails Subdivision Unit 1 since the pump and haul safety concerns had not been resolved. The City's pump and haul concerns had been raised prior to the October 21, 2021 hearing before this Honorable Court. The October 21, 2021 order specifically stated that the preliminary injunction would not issue and would be held in abeyance until the City Council had an opportunity to meet and consider conditions proposed to address the pump and haul concerns.

Defendant's herein contend that the Court's October 21, 2021 Order did not make the Plaintiff a prevailing party but merely maintained the status quo until the parties could address and resolve the pump and haul conditions that existed prior to the Court's October 21, 2021 order. The parties resolved the issue without further Court intervention and as a result Plaintiff did not obtain an enforceable judgment and did not materially alter the legal relationship between the parties. Plaintiff merely complied with Plat conditions that were in place prior to the Court's October 21, 2021 Order. The City had lawful authority to place those plat conditions pursuant to the Texas Local Government Code, § 212.0091. As a result, the plaintiff is not a prevailing party entitled to damages and/or attorney's fees. ***Amawi v. Paxton***, 48 F.4th 412, 416-17 (5th Cir. 2022).

## V.

Defendants **CITY OF CIBOLO**, **MAYOR STOSH BOYLE,** and **COUNCILMEN REGGIE BONE, MARK ALLEN** and **JOEL HICKS** assert that without waiving any of the foregoing and pleading in the alternative assert that the Plaintiffs are not entitled to the amount of attorney's fees requested. Plaintiff filed the emergency application for temporary restraining order and preliminary injunction on September 17, 2021. Defendants assert that Plaintiff is not entitled to any attorney's fees prior to the date of filing suit. Defendants further object to the fact that Plaintiff is attempting to bill for more than one attorney and in fact, at times three attorneys throughout this litigation. Defendants assert that this is unreasonable. In ***Walker v. U.S. Dept. of Housing and Urban Development***, 99 F.3d 761 (5th Cir. 1996), the Court reasoned "if more than one attorney is involved, the possibility of duplication of effort, along with proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do may obviously be discounted. ***Id.*** at 768 (citing ***Johnson v. Georgia Hwy. Express, Inc.***, 488 F.2d 714, 717 (5th Cir. 1974).

Meritage Homes, LLC v. City of Cibolo, Texas, et al  
Defendant City of Cibolo et al's Response to Plaintiff's Post Trial Brief

Civil Action No. 5:21-cv-0755-FB  
Page 8

**WHEREFORE, PREMISES CONSIDERED**, Defendants **CITY OF CIBOLO**, **MAYOR STOSH BOYLE,** and **COUNCILMEN REGGIE BONE, MARK ALLEN** and **JOEL HICKS** pray that the Court enter Judgment in Defendants' favor and deny Plaintiff's requested relief.

      Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax

BY: //s// Charles S. Frigerio
    CHARLES S. FRIGERIO
    SBN: 07477500

    HECTOR X. SAENZ
    SBN: 17514850
ATTORNEYS FOR DEFENDANTS
**CITY OF CIBOLO, MAYOR STOSH BOYLE, COUNCILMEN REGGIE BONE, MARK ALLEN AND JOEL HICKS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing Defendant City of Cibolo Et Al's Response to Plaintiff's Post Trial Brief filed via CM/ECF has been forwarded on this the 21st day of September, 2023 to the CM/ECF Participant:

Mr. Arthur J. Anderson
Mr. James C. Ruiz
Winstead P.C.
2728 N. Harwood StreetEmail: aanderson@winstead.com
Dallas, TX  75201Email: jruiz@winstead.com


//s// Charles S. Frigerio
CHARLES S. FRIGERIO