IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MERITAGE HOMES OF TEXAS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:21-cv-00755-FB** |
| | § | |
| **CITY OF CIBOLO, MAYOR STOSH** | § | |
| **BOYLE, COUNCILMEMBER REGGIE** | § | |
| **BONE, COUNCILMEMBER MARK,** | § | |
| **ALLEN AND COUNCILMEMBER JOEL** | § | |
| **HICKS, each in their official and** | § | |
| **individual capacities,** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS'**
**RESPONSE TO PLAINTIFF'S POST-TRIAL BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FRED BIERY:

NOW COMES Meritage Homes of Texas, LLC, Plaintiff ("Meritage") in the above-entitled and numbered cause, and files its Reply to Response to Plaintiff's Post-Trial Brief and would respectfully show unto the Court the following:

**I.**
**SHOCKS THE CONSCIENCE STANDARD**

Cibolo points out that the Fifth Circuit has applied both the "shocks the conscience" test and the "rational basis" test in substantive due process cases. *Reyes v. North Tex. Tollway Authority*, 861 F.3d 558, 561-562 (5th Cir. 2017). The City argues that "the City of Cibolo's executive government action was limited to a particular developer and not all of the citizens of its extraterritorial jurisdiction (ETJ). As such, in this case the shocks the conscience test is the correct and applicable standard." (Resp. at p. 2). This statement is incorrect as the City applied its illegal platting standards to both Lennar Homes and Meritage Homes. These are the

homebuilders/developers in the City's ETJ and GVSUD CCN whose plats were illegally denied or approved with conditions related to sanitary sewer service.  Further, the City's governmental action was broadly directed at seven different plat applications by Lennar and Meritage in the ETJ.

The City also points to *TXI Operations, LP v. City of McKinney*, 2023 U.S. Dist. LEXIS 5100 (E.D. Tex., Jan. 11, 2023).  The district court in that case did not set a high bar for the shock the conscience standard.  According to the court, the standard must simply do more than "offend some fastidious squeamishness or private sentimentalism . . ."  *Id.* at *85.  Instead the governmental action must be based upon an injury caused by an action unjustifiable by a legitimate governmental interest or by "deliberate indifference to the plaintiff." *Id.*  The district court denied the city's motion for summary judgment because TXI had raised disputed facts on the issue.  According to the trial testimony in this case, the City had no legitimate interest in denying plat applications in the ETJ based on sanitary sewer issues regulated and controlled solely by GVSUD.  As the City witnesses acknowledged even if there was a highly unlikely pump and haul spill or accident there would be absolutely no adverse impact to City residents.

## II.
## RATIONAL BASIS STANDARD

The City repeats its argument from the preliminary mandatory injunction hearing that its denial of Meritage's and Lennar's plat applications was rationally related to a legitimate government interest.  (Resp. at p. 4).  The parties agree that the Texas Water Code, § 13.250 and the Texas Administrative Code, Chapter 217 require that GVSUD provide a safe and properly designed "continuous and adequate" permanent wastewater system.  As City witnesses testified at trial GVSUD had sole regulatory authority over providing sanitary sewer service to Legendary Trails.  The City incorrectly states that § 212.010, Tex. Loc. Gov't Code allows the City to regulate the provision of sanitary sewer service outside of its corporate limits and in GVSUD's CCN.  The

statute actually states that a plat must be approved if it conforms to the City's comprehensive plan for infrastructure including public utilities.  Both parties' witnesses testified at trial that the City's comprehensive plan did not show any extension of sewer lines into its ETJ.  Therefore, approval of the plats as recommended by the City engineer without the sanitary sewer restrictions applicable to GVSUD would comply with the City's comprehensive plan.

The City of Cibolo correctly states on page 4 of its response that it had statutory and municipal authority to promote health, safety or general welfare of its citizens and the orderly and healthful development within the city.  But Meritage's property is not located in the city limits and City witnesses testified at trial that in the extremely unlikely event of a sanitary sewer problem in the ETJ that there would be absolutely no impact on Cibolo citizens.

In addition, no testimony or evidence was presented at trial that there were legitimate public safety concerns associated with "risky temporary pump and haul systems".  (Resp. at p. 5).  As admitted to by the City Engineer Rudy Klein and the City Manager operations.  They were unaware of any spills or accidents involving pump and haul.  In addition, the testimony at trial indicated that Meritage voluntarily agreed to the additional capacity requirements in the Court's October 21, 2021 order because it would address any future sewer issues with GVSUD.  There was nothing in the Meritage/GVSUD contract preventing additional capacity from being provided to Legendary Trails as needed.

### III.
### TAKINGS

While the Legendary Trails Subdivision final plats for Units 1-4 have been approved by the City of Cibolo, it was undisputed at trial that Meritage was forced to file suit in order to have these plats approved and recorded and the City's denials damaged Meritage.  Furthermore, the case law on temporary regulatory takings cited by the City is not on point.  *Tahoe-Sierra Preservation*

*Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302 (2002). That case involved a formal moratorium ordinance and not the unlawful denial of a governmental permit or normal delay in the permitting process. *Id.* at 306.

In *Tahoe* (a 21 year old case), the Supreme Court held that a moratorium was not necessarily a categorical taking pursuant to *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992). *Tahoe*, 535 U.S. at 324. Meritage's argument, however, is that an unlawful temporary taking occurred in this case pursuant to the Supreme Court's holdings in *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). While the Supreme Court in *Tahoe* refusal to establish a categorical *per se* ruling on temporary takings it left open the door to finding a temporary regulatory taking under the *Penn Central* standard. 535 U.S. at 363-67. Cibolo does not cite to any controverting case law.

**IV.**
**PREVAILING PARTY ATTORNEY'S FEES ISSUE**

Plaintiff has clearly shown the Court it is a prevailing party entitled to attorney's fees pursuant to 42 U.S.C. § 1983. (Resp. at p. 6). In *Amawi v. Paxton*, 48 F.4th 412, 415 (5th Cir. 2022), a preliminary injunction was granted against the State of Texas from enforcing H.B. 89 which prohibited state governmental entities from contracting with companies that boycott Israel. Twelve days later, the Governor signed a bill making H.B. 89 inapplicable to sole proprietorships like Plaintiff which met the objective of the injunction order. Because the bill would have passed with or without the preliminary injunction, however, the plaintiffs were deemed to not be prevailing parties by the Fifth Circuit. *Id.* at 418-19.

In the case at bar, the Court told the City at the preliminary injunction hearing that it would order the City to approve and record Meritage's Unit 1 final plat. In addition, the City would not be allowed to stay the injunction if it filed an appeal with the Fifth Circuit. The City requested the

courtesy of allowing the council to approve the final plat at its October 26, 2021 Council meeting.

It is undisputed that the Council would not have approved Meritage's plat but for the Court's

injunction order.  City witnesses testified that Lennar's plat was denied at that same meeting

because it was not the subject of a court order like Meritage's.

Further, the Council's actions had nothing to do with a concern about the safety of pump

and haul.  (Resp. at p. 7).  Lennar's development would not utilize pump and haul because there

would be no residents until the GVSUD interceptor system was extended to the subdivision.  The

City still denied Lennar's plat plus numerous other plat applications for developments that would

not utilize pump and haul.  The City was simply opposed to smaller lot developments.  As a result,

Meritage is the prevailing party entitled to damages and/or attorney's fees.  *Amawi*, 48 F.4th at

416-17.

Although the Court has not ruled on the prevailing party issue, Defendants argue that

Meritage is not entitled to the amount of attorney's fees requested.  But there is no case law that

supports the City's proposition.  For example, Defendants assert that Plaintiff is not entitled to any

attorney's fees prior to the date of filing suit.  But attorneys' fees spent in communicating with the

City Attorney and researching and filing pleadings is reasonable.

Defendants further object to the fact that Plaintiff is attempting to bill for more than one

attorney throughout this litigation.  But there is no case law preventing the use of only one attorney

in complex litigation.  (Resp. at p. 7).  This is ironic since the City had two attorneys present at

trial.  The attorneys' fees invoices which were produced show that Winstead associates with hourly

rates lower than those of Mr. Ruiz and Mr. Anderson performed research and other tasks.  Mr.

Ruiz and Mr. Anderson only appeared together at hearings before the court.  The City also

incorrectly cited to *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761 (5th

Cir. 1996). The court actually approved attorney's fees for the three attorneys representing the plaintiff in that case. *Id*. at 774. Other than for court hearings Meritage's counsel billed only one attorney's time for mediation, depositions and other work. These issues can be addressed following the court's determination of prevailing party status.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter judgment in Plaintiff's favor granting Plaintiff the relief it has requested, and deny Defendants' requested relief.

Respectfully submitted,

WINSTEAD PC
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5745 – Phone
(214) 745-5390 – Fax

By:  /s/ *Arthur J. Anderson*
     Arthur J. Anderson
     SBN: 01165957
     aanderson@winstead.com
     James G. Ruiz
     SBN: 17385860
     jruiz@winstead.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

By signature below, I certify that a true and correct copy of this Plaintiff's Reply to Defendants' Response to Plaintiff's Post-Trial Brief has been served by electronic service to the following counsel for Defendants on this 26th day of September, 2023:

Charles S. Frigerio, Esq.
Hector X. Saenz, Esq.
Law Offices of Charles S. Frigerio
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205


/s/ *James G. Ruiz*
James G. Ruiz