IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MERITAGE HOMES, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| VS. § | **CIVIL ACTION NO. SA-21-CV-755-FB** |
| § | |
| **CITY OF CIBOLO, MAYOR STOSH** § | |
| **BOYLE, COUNCILMEMBER REGGIE** § | |
| **BONE, COUNCILMEMBER MARK** § | |
| **ALLEN, AND COUNCILMEMBER JOEL** § | |
| **HICKS, Each in Their Official and** § | |
| **Individual Capacities,** § | |
| § | |
| **Defendants.** § | |

## *OPINION AND JUDGMENT OF THE COURT*

This case is about sewage. The issue before the Court is whether or not the actions of the parties pass the legal smell test. Following a two-day bench trial, the Court finds that the actions of the Defendants did not pass that test.

### *Procedural History and Background*

As set forth in Plaintiff's Original Complaint filed on August 11, 2021 (docket #1), this lawsuit resulted from a decision by the City of Cibolo ("City") to deny several legally compliant plat applications submitted by Meritage Homes, LLC ("Meritage" or "Plaintiff") on land located in the City's extraterritorial jurisdiction based on the provision of sanitary sewer service. The City, according to the Plaintiff, did not have the legal authority to regulate, provide or control sanitary sewer service to Meritage's property. Meritage requested the Court to command the City and/or the members of the Planning and Zoning Commission ("P&Z") to approve and record the final plat.

On September 16, 2021, Meritage filed Plaintiff's First Amended Complaint (docket #12). Meritage summarized its case as follows:

> This lawsuit is a result of a municipality's erroneous decision to deny a legally compliant plat application and illegally delay the completion of the Legendary Trails development by Meritage Homes of Texas, LLC ("Meritage") on land located outside of the City of Cibolo, Texas ("City"). This delay is based on the provision of sanitary

> sewer service which the City does not have the legal authority to regulate, provide or control. In addition, the City changed its rules and policies related to sanitary sewer service after Meritage paid $4.8 million to develop its subdivision and build houses in reliance on City approvals. Meritage is requesting the Court to command the City and/or the members of the Planning and Zoning Commission ("P&Z") or City Council to desist from slowing down and/or preventing Meritage's development and to approve and record Meritage's final plat.

Plaintiff's First Amended Complaint, docket #12 at pages 1-2. The next day, on September 17, 2021, Plaintiff filed its Emergency Application for Temporary Restraining Order and Preliminary Injunction seeking to restrain the "City of Cibolo, as well as the City's agents, representatives, employees, contracting parties, affiliates, and those in active concert with it or with actual knowledge of the Order from illegally applying its ordinances to prevent Meritage from selling the houses and converting to Green Valley water meters for the Property and ordering the City to approve and record the Final Plat" (docket #13 at page 17 of 19); and to set this matter for a preliminary injunction hearing. A hearing on the Emergency Application was held on October 1, 2021, at which time the matter was taken under advisement and the hearing continued until October 14, 2021.

Following the October 14, 2021, hearing, the City filed Defendants' Advisory on October 19, 2021, concerning the entry of an order on the preliminary injunction and stating that "based on the testimony at the October 14, 2021 preliminary injunction hearing that the City Council be allowed to consider the final plat approval prior to be ordered to do so by this Court." The City advised its next City Council Meeting was on October 26, 2021, and asked the Court to "postpone the entering of the proposed [Preliminary] Injunction until such time as the City of Cibolo can consider the current status of this case concerning final Plat approval." Advisory, docket #33 at page 1. The Court granted the City's request and entered an order stating the "Preliminary Injunction will not issue and will be held in abeyance until the City Council has the opportunity to meet on October 26, 2021, and take into consideration the new information provided by the Plaintiff to this Court and

to the City of Cibolo's engineer and reconsider the Final Plat approval as to Legendary Trails Subdivision Unit 1" based on the conditions proposed by the Plaintiff Meritage Homes." Order, docket #34 at page 1. On October 27, 2021, the City filed its Advisory to the Court stating the City Council approved the plat for Legendary Trail Subdivision Unit 1 (docket #35).

Based on this information and the fact that only one docket entry by the Defendant had been made since the filing of the Advisory, the Court found it possible that all matters between the parties had been fully and finally resolved. On March 18, 2022, the Court requested an advisory from the parties on "whether any issues remain for determination by the Court or if the case may be dismissed based on the approval of the final plat." (Docket #37 at page 1). The response by the Defendant explained that the plat was executed and filed with the County in December of 2021, and from the Defendant's perspective the case was moot. However, Meritage did not agree and explained:

> A case and controversy still remains before the Court with respect to Meritage's claims for damages and attorney's fees arising from [sic] as the City of Cibolo's wrongful conduct in connection with the denial of the Final Plat for Unit 1 of the Legendary Trails development. The approval of the Final Plat for Unit 1 did not resolve Meritage's claims for damages and attorney's fees against Defendants resulting from their bad acts that caused Meritage to suffer significant damages.
>
> Further, in what appears to be retaliation against Meritage for commencing this action, the City of Cibolo has intentionally delayed and imposed excessive conditions on Meritage's development permit applications for Units 2, 3 and 4, in addition to Unit 1, which has increased Meritage's damages claim against Defendants. Without the City of Cibolo's approval of these development permit applications, Meritage is unable to develop these subdivisions and commence construction of homes. The City staff and City engineer recommended approval of the applications for Units 2 and 4 because all City subdivision conditions have been met. But again, despite the City's legal ministerial obligation to approve the applications, the City's Planning and Zoning Commission has recommended denial of the applications for sanitary sewer service reasons [sic], as the City wrongfully did in connection with Unit 1.

Plaintiff's Advisory, docket #38 at pages 1-2 (paragraph numbers omitted). In addition, Meritage advised the Court as follows:

> Contemporaneous with the filing of this Advisory, Meritage has sought leave to file its Second Amended Complaint to add the additional factual allegations arising from the City of Cibolo's continuing wrongful conduct related to the Legendary Trails development that has violated Meritage's constitutional rights to equal protection and due process and constitutes a regulatory taking under the Texas and United States Constitution for which Meritage is entitled to recover damages and attorney's fees.

*Id.* at page 2. Plaintiff's Second Amended Complaint was filed; the parties entered into a Scheduling Order, and after all deadlines had expired, the case was set for a bench trial on August 28, 2023. Both parties submitted findings of fact and conclusions of law for the Court's consideration.

### *Additional Background*

As set forth in Plaintiff's Pretrial Brief, this lawsuit encompasses the City's decision to deny "several legally compliant plat applications submitted by Meritage Homes, LLC on land located in the City's extraterritorial jurisdiction based on the provision of sanitary sewer service." Plaintiff's Summary Memorandum, docket #57 at page 1. Meritage argues the "City does not have the legal authority to regulate, provide or control sanitary sewer service to Meritage's property." *Id.* Meritage explains:

> Green Valley Special Utility District "(GVSUD") is the retail sewer provider and owns the TCEQ sanitary sewer certificate of convenience and necessity ("CCN") for this area. There are four units as part of Meritage's Legacy [sic] Trails Addition.
>
> In Cibolo, as in other Texas municipalities, the City engineer determines if plat applications meet City subdivision ordinance requirements. Meritage obtained conditional City approval of a land study and preliminary plats for Units 1-3 of its Legendary Trails development pursuant to the favorable recommendation of City engineer Rudy Klein. All parties were aware that GVSUD (a) was in the process of planning and constructing a major transmission line that would extend to Meritage's Legendary Trails and Lennar Homes' Grace Valley and Cibolo Farms residential developments; and (b) would be providing temporary pump and haul service until the line extension was completed. In Spring 2021 the City's position changed to opposing Meritage's and Lennar Homes' developments based on density reasons.
>
> The City Planning & Zoning Commission ("P&Z") imposed conditions on the Grace Valley Phase I final plat, Legendary Trails Unit 1 final plat and Legendary Trails Unit 4 preliminary plat. Meritage addressed the conditions and submitted a

revised Unit 1 final plat which was denied by the P&Z. Meritage's Unit 1 final plat was then denied at the City Council's August 10, 2021 meeting due solely to sanitary sewer issues.

Because Meritage was in the process of completing infrastructure in Unit 1, as well as building homes, and the City would not change its illegal position, Plaintiff had no option but to file this litigation. During the temporary injunction hearing, City engineer, Rudy Klein, testified that (a) the Unit 1 final plat met all City subdivision ordinance requirements; (b) GVSUD had sole legal authority to regulate sanitary sewer infrastructure in the ETJ; and (c) Meritage's use of pump and haul posed no public health or safety issues to the residents of Cibolo. At the October 14, 2021 hearing on Meritage's application for mandatory injunction, Judge Biery stated on the record he would order the City to approve and record the Unit 1 final plat. The City Council asked for forbearance to allow the City Council to vote on the plat application again, and Judge Biery agreed. Despite facing a judicial order, the City Council then barely approved the Unit 1 Final Plat by a 4-3 vote.

After the judge clearly directed the City that it could not legally deny plats in the ETJ due to the sanitary sewer issues regulated by GVSUD, the City went on to deny or illegally condition numerous Meritage plats and Lennar plats based solely for this reason. One of these denials forced Lennar to file suit against the City in March 2022 (Case No. SA-22-CV0031). At the preliminary injunction hearing before Judge Pulliam on the Lennar matter, the City conceded that it was required to approve and file Lennar's final plat. The City would never have approved the plat but for the lawsuit. Lennar's facts are similar to these and illustrate the City's arbitrary and unauthorized approach to plat approvals.

Even after two lawsuits resulting in approval and plat recordation, the City continued to deny Meritage's and Lennar's plat applications solely for sanitary sewer reasons. This included Meritage's Unit 2 final plat. Meritage has incurred actual damages and attorney's fees that it is requesting be reimbursed by the court[1] due to the arbitrary and capricious actions of the City.

*Id.* at pages 1-3. Based on the foregoing, Meritage asserts the following causes of action:

**Denial of Equal Protection**
- Meritage alleges that the City's actions are arbitrary and capricious and violate the Equal Protection Clause, such Equal Protection being guaranteed to Plaintiff by Article 1, Section 3 of the Texas Constitution and by the Fifth and Fourteenth Amendments to the United States Constitution.

---

[1] The Court presumes Meritage is requesting the Court order reimbursement from the City.

**Denial of Due Process and Due Course**
- The City has similarly deprived Meritage of its due process and due course protections under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution. Any reasonable voting member of the City Council would know that the City's actions in denying the plats violated state law, lack a reasonable basis and are arbitrary and capricious.

**Inverse Condemnation**
- The City's intentional actions have deprived Meritage of its reasonable investment backed expectations to approval of the plats and constitute a regulatory taking under both the Texas and United States Constitutions. Plaintiff is entitled to recover either permanent damages for this taking or temporary damages.

**Declaratory Judgment under Chapter 24$ [sic] of the Tex. Local Gov't Code**
- Declaratory Judgment that City and City Council's actions in denying plat are unauthorized under Tex. Loc. Gov't Code 245 and therefore are *ultra vires* and null and void, and that Council's [sic] acted without legal authority in denying the plats at issue because approval was ministerial and nondiscretionary under Chapter 212, Tex. Local Gov't Code and applicable law.
- Section 212.005 of the Texas Local Government Code provides that the municipal authority responsible for approving plats "must approve" a plat that satisfies all applicable technical requirements. Tex. Loc. Gov't Code § 212.005. A plat application shall be approved within 30 days after submittal. Id. § 212.009. If the applicant complies with all existing valid requirements, the issuance or conditioning of a building permit, plat, or development permit becomes a mere ministerial duty. *City of Stafford v. Gullo*, 886 S.W.2d 524. *Rhodes v. Shapiro*, 494 S.W.2d 248 (Tex. Civ. App.—Waco 1973, no writ).

*Id.* at page 3.

Meritage asks the Court award actual damages as to the denial of final plats which are as follows:

Unit 1:

| | |
|---|---|
| Additional water and sewer plumbing costs due to reinstallations: | $ 89,870.00 |
| Water delivery fees due to GVSUD's refusal to supply water until final plat recorded: | $ 27,474.84 |
| Portable toilet for model homes: | $ 11,043.33 |

| | |
|---|---:|
| Additional Cude staking costs: | <u>$ 21,950.00</u> |
| TOTAL DAMAGES for Unit 1: | $150,338.17 |

Unit 2:

| | |
|---|---:|
| Water and sewer connection fees: | $ 40,755.00 |
| Water delivery fees: | $ 11,100.00 |
| Cude staking: | <u>$ 29,975.00</u> |
| TOTAL DAMAGES for Unit 2: | $ 81,830.00 |

Meritage asserts it also was forced to pay excess property taxes and utility costs in the amount of $9,648.23 due to the City's actions and has incurred significant attorneys' fees, expert witness fees and court costs resulting directly from the City's illegal actions. Meritage is seeking reimbursement for all of these damages. *Id.* at page 4.

## *Bench Trial*

The Court held a two-day bench trial and after the trial received Plaintiff's Post-Trial Brief, Defendants' Response to Plaintiff's Post-Trial, and Plaintiff's Reply. The Court has all of the foregoing along with the evidence presented at the bench trial and finds in favor of the Plaintiff. Accordingly, the Court enters the following Findings of Fact and Conclusions of Law:

## *FINDINGS OF FACT*

1. Any finding of fact herein that also constitutes a conclusion of law is adopted as a conclusion of law.

2. Meritage Homes of Texas, LLC ("Meritage") is a publicly traded residential real estate developer and builder which owns land ("Property") in Guadalupe County. Meritage's development of the Property is named Legendary Trails.

3. The City of Cibolo ("City") is a Texas home rule municipality in Guadalupe County. The Property is located within the extraterritorial jurisdiction ("ETJ") of the City. The City has platting

authority over the Property pursuant to Chapter 212, Tex. Loc. Govt. Code, but is prohibited from regulating the density of houses and lots on the Property.

4. This portion of the City's ETJ is located within the TCEQ sanitary sewer certificate of convenience and necessity ("CCN") owned by the Green Valley Special Utility District ("GVSUD"). The sole regulatory authority responsible for designing and providing sanitary sewer service to the Property is GVSUD. The City has no authority under state law to provide or regulate sewer service to the Property.

5. Legendary Trails consists of four phases or units ("Units"). In accordance with the City's subdivision ordinance, the first permit application in the series of applications needed to develop the Property was a land study. The City engineer is responsible on behalf of the City as to whether or not an application complies with the subdivision ordinance. On or about July 2018, the City Council approved the Land Study for Units 1-3 the Property.

6. In March of 2019, GVSUD submitted to the City a Wastewater Service Feasibility Study that stated that a permanent sanitary sewer transmission line would be extended from the GVSUD treatment plant to the Property. Further the Study stated that until the line was completed the Property would be served by pump and haul.

7. In 2019 the City's Planning and Zoning Commission ("P&Z") approved a preliminary plat application for Units 1-3 with two conditions: (a) a signed agreement with GVSUD for both temporary and permanent service and (b) documentation showing review and approval of pump and haul. The preliminary plat approval with conditions met all requirements of the City Unified Development Code.

8. Meritage's predecessor in interest to the Property entered into the required agreements. Based on the City's approval of the land study, approval of the preliminary plat and the signed GVSUD agreement, Meritage purchased the Property. Meritage's reasonable investment-backed expectations were that it could develop the Property and build houses in accordance with these approvals.

9. On October 14, 2020, the P&Z approved an amended land study which included Unit 4. The Council did not act on the application within 30 days as required by Chapter 212, Tex. Loc. Govt. Code. It is undisputed that the amended land study was approved as a matter of law.

10. The City approved all of the Unit 1 infrastructure construction plans, and Meritage spent about $4.8 million to construct the approved infrastructure. Meritage also started building model homes and houses. The City was fully aware of this construction by Meritage.

11. Meritage submitted its final plat application for Unit 1. Lots and houses could not be sold to future homeowners unless the final plat was approved and recorded. On May 12, 2012, the P&Z approved the final plat but imposed conditions on the approval related to GVSUD's sewer line construction and limitations on the use of pump and haul. These conditions were unauthorized, arbitrary and capricious because (a) the City lacked any regulatory authority over sewer service to the Property; (b) the City did not have any provisions in its subdivision ordinances regulating the provision of service outside of its corporate limits and in GVSUD's CCN; and (c) the final plat complied with the conditions on the approved preliminary plat.

12. On June 11, 2021, Meritage's counsel forwarded correspondence addressing all of the conditions and requesting that the final plat be approved within 15 days pursuant to Section 212.0095, Tex. Loc. Govt. Code. Instead, the P&Z denied the final plat at its June 26, 2021, solely for reasons related to the provision of sanitary sewer service.

13. Meritage's counsel sent correspondence to the City Attorney explaining why the stated reasons by the P&Z were pretextual and unsupportable under state law. In addition the letter requested that the P&Z reconsider its denial at its July 14, 2021, meeting. The P&Z refused to reconsider.

14. The City Council considered and denied the final plat by a 4-3 vote at its August 10, 2021, meeting. Meritage then filed this suit against the City and the individual councilmembers who voted to deny the plat. Meritage was forced to notify its customers that it would not be able close on their sales contracts and incurred significant damages in order to deliver water by hauling, increased engineering costs, new surveying work, and revisions to the pump and haul system not requested by GVSUD.

15. Lennar Homes of Texas ("Lennar") is developing the Grace Valley and Cibolo Farms residential developments next to the Property in the City's ETJ. The City Council denied Lennar's application for a preliminary plat for Cibolo Farms Unit 1 on September 28, 2021, "for lack of sewer service." Lennar agreed that it would not sell any lots or houses until the GVSUD transmission line was extended to the subdivision and that pump and haul would not be utilized. The City Engineer recommended approval of the preliminary plat and stated that it complied with all City subdivision requirements.

16. At the October 14, 2021, hearing on Plaintiff's preliminary injunction, the City Engineer testified that (a) GVSUD has the sole authority to decide how sanitary service will be provided to the Property; (b) the sanitary sewer situation as it relates to the Property will not impact City residents; (c) any spills from the system would flow away from the City; (d) both conditions for approval of the preliminary plat for Unit 1 had been satisfied; (e) the City approved all of Meritage's infrastructure plans at the time it had the signed GVSUD agreement; (f) at no point in the permit

approval process did the City inform Meritage that there might be a cap on the number of houses it could build in Unit 1; (g) the final plat met all of the subdivision requirements for a final plat; (h) the Unit 1 final plat complied with the City's comprehensive plan.

17. The City Council approved the Final Plat by a 4-3 vote at its October 26, 2021, meeting. Lennar's request for reconsideration of the September 28, 2021, action on the Cibolo Farms Unit 1 preliminary plat was denied 6-0. Due to additional delays Meritage's final plat was not recorded in the Guadalupe County Court clerk's office until December 16, 2021.

18. After the GVSUD transmission line construction commenced, Lennar's counsel requested reconsideration of the Cibolo Farms Unit 1 preliminary plat. Lennar again represented no homes would be sold until the line was completed to the development. The Council again denied the plat by a 6-0 vote.

19. On April 12, 2022, the City Council denied Meritage's Unit 2 final plat and Unit 4 preliminary plat applications solely for sanitary sewer reasons. The City Engineer satisfied that both plat applications complied with all subdivision ordinance requirements.

20. Lennar filed suit in the United States District Court for the Western District of Texas, and the case was assigned to the docket of Judge Jason Pulliam in Case No. SA-22-CV-00311. The City approved the Cibolo Farms Unit 1 preliminary plat in accordance with the conditions on sanitary sewer service that Lennar had previously agreed to prior to the September 28, 2021, Council meeting.

21. Lennar resubmitted its Unit 2 final plat which was recommended denial by a 6-0 vote by the P&Z at its December 14, 2022, meeting. City staff recommended approval because the plat met all City subdivision requirements. The City Council voted to approve the Unit 2 final plat at its January 10, 2023, meeting subject to compliance with several conditions all related to GVSUD

provision of sanitary sewer service to the Property. The final plat for Unit 2 was not recorded until June 2, 2023, due to the delay caused by complying with these conditions.

22. Meritage suffered over $200,000 actual damages due to the City's denials of Meritage's Unit 1 and Unit 2 final plats.

23. The City's comprehensive plan did not show the City providing sanitary sewer service now or in the future to the Property. As a result, both the Unit 1 and Unit 2 final plat applications complied with the City's comprehensive plan.

24. The City has no statutory or ordinance authority to deny or condition plats based solely upon the provision of sanitary sewer service which is regulated solely by GVSUD. The City cannot show that its citizens' public health and safety were impacted by the denials of Meritage's plats.

25. The City approved other pump and haul operations within its jurisdiction without imposing the limitations it imposed on Meritage.

### *CONCLUSIONS OF LAW*

26. Any conclusion of law herein that also constitutes a finding of fact is hereby adopted as a finding of fact.

27. The City violated Section 212.010 of the Texas Local Government Code which requires a City to approve a plat that conforms to the City's comprehensive plan. The City also violated Section 212.0095, Tex. Loc. Govt. Code.

28. The City had a ministerial duty to approve the Unit 1 and Unit 2 final plats because they met all City subdivision regulations and Chapter 212, Tex. Loc. Govt. Code.

29. The City applied new policies and regulations relating to sanitary sewer issues to Meritage's development permit applications after the development project's initial permit was approved in violation of Chapter 245, Tex. Loc. Govt. Code.

30. The City lacked legal authority to deny or condition Meritage's plat applications based upon sanitary sewer service regulated solely by GVSUD in its CCN. As a result the City violated Chapter 13 of the Texas Water Code.

31. The City deprived Meritage of its right to the use and enjoyment of the Property in violation of the Fifth Amendment to the United States Constitution and Article I, Section 17 of the Texas Constitution. *See Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 98 S.Ct. 2646 (1978). The City's denial and conditioning of the Unit 1 and Unit 2 final plat applications (a) had a significant adverse economic impact on Meritage; (b) interfered with Meritage's investment backed expectations that it could develop its Property in accordance with the City ordinances and approved Land study and preliminary plat; and (c) was arbitrary and capricious actions and aimed at Meritage and then Lennar.

32. Meritage has a constitutionally protected property interest in the City complying with its ministerial obligation to follow its subdivision ordinance and its City Engineer recommendations as to compliance with City ordinances and state law. The City arbitrarily, capriciously and irrationally denied the Unit 1 and Unit 2 final plats for sanitary sewer reasons which were both illusory and unauthorized. The City did not have a legitimate state interest in denying the plats based on sanitary sewer service and its actions were not rationally related to furthering that interest. As a result, the City violated Meritage's due process and due course rights pursuant to the Fifth Amendment to the U.S. Constitution and Article I, § 19 of the Texas Constitution.

33. The City approved pump and haul for other developments without the conditions imposed on Meritage's Unit 1 and Unit 2 final plats. Meritage has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. The City has

deprived Meritage of its equal protection rights pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 3 of the United States Constitution.

34. The City has violated 42 U.S.C. § 1983 and Meritage is awarded its actual damages due to the City's denial or invalid conditioning of the Unit 1 and Unit 2 final plats.

35. As the prevailing party, Meritage is entitled to recover its attorneys and costs pursuant to 42 U.S.C. § 1988.

Accordingly, as set forth herein, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiff Meritage Homes of Texas, LLC shall have and recover on its claims against Defendant City of Cibolo its damages in the amount of TWO HUNDRED FORTY-ONE THOUSAND EIGHT HUNDRED SIXTEEN AND 40/100 DOLLARS ($241,816.40)[2] representing actual damages for Unit 1 at $150,338.17; actual damages for Unit 2 at $81,830; and $9,648.23 to pay excess property taxes and utility costs due to the City's actions together with attorney's fees and costs of court. IT IS FURTHER ORDERED that Plaintiff shall file its Motion for Award of Attorney's Fees and Bill of Costs, in the form required by the Clerk of Court, within fourteen (14) days of this Order.

IT IS FURTHER ORDERED that motions pending, are DENIED and this case is now CLOSED.

It is so ORDERED.

SIGNED this 31st day of March, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[2] Although Meritage asked for $264,816.40 in actual damages, the numbers provided to the Court total $241,816.40.